Filed 8/21/20  P. v. Bailey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD W. BAILEY,<br><br>    Defendant and Appellant. | C090189<br><br>(Super. Ct. No. STKCRFE20180006721) |

Appointed counsel for defendant Richard W. Bailey filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

FACTS AND PROCEDURAL HISTORY

Defendant was charged with two counts of committing sexual intercourse with Jane K. Doe, a child 10 years or younger (Pen. Code § 288.7, subd. (a)--counts 1 & 2 [statutory section citations that follow are to the Penal Code unless otherwise stated]); oral copulation with Jane K. Doe, a child 10 years or younger (§ 288.7, subd. (b)--count

1

3); committing lewd and lascivious acts against Jane K. Doe (§ 288, subd. (a)--counts 4 & 5); contacting Jane J. Doe and Jane R. Doe, respectively, both minors, with the intent to commit a sexual offense (§ 288.3, subd. (a)--counts 6 & 7); and committing lewd and lascivious acts against Jane F. Doe and Jane L. Doe, respectively, both children under the age of 14 (§ 288, subd. (a)--counts 8 & 9). The information alleged, as to counts 4, 5, 8, and 9, that defendant committed the offenses against more than one victim (§ 667.61, subd. (e)(4)).

During defendant's jury trial, Jane K. Doe, the daughter of one of defendant's friends, testified that he molested her on multiple occasions during visits to defendant's home. Years later, Jane K. Doe told her mother and stepfather about the molestations, and they filed a police report. During the police investigation, Detective Nicholas Zanos discovered prior reports of molestation against defendant concerning Jane F. Doe and Jane L. Doe (the subjects of counts 8 and 9) from 2001, and he interviewed them. Jane F. Doe and Jane L. Doe lived in the same neighborhood as defendant when they were children. They each testified that defendant touched them inappropriately on at least one occasion while they were playing at a lake in the neighborhood. Two other women testified about similar uncharged acts of molestation defendant perpetrated against them as children. An expert witness testified generally about delayed and incremental disclosures and disassociation in child sexual abuse cases. He clarified that Child Sexual Assault Accommodation Syndrome, which is related to the topics he covered, could not be used to determine if a particular child had been abused.

The jury found defendant guilty on counts 3, 4, and 5 (re: Jane K. Doe), count 8 (re: Jane F. Doe), and count 9 (re: Jane L. Doe), and found the related multiple victim allegations true. The jury acquitted defendant on counts 6 and 7 (re: Jane J. Doe and Jane R. Doe, respectively) and could not arrive at unanimous verdicts on counts 1 and 2 (re: Jane K. Doe). The court declared a mistrial as to counts 1 and 2, and the People subsequently dismissed those charges.

The trial court sentenced defendant to serve five consecutive terms of 15 years to life on counts 3, 4, 5, 8, and 9 for an aggregate term of 75 years to life, and the court awarded him presentence credit for a total of 504 days. The court imposed and then permanently stayed all fines, fees, and assessments.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

 

 

 

 

HULL, Acting P. J.

We concur:

 

MURRAY, J.

 

DUARTE, J.

3